**McCALLUM, Secretary of State, v. ASSOCIATED RETAIL CREDIT MEN OF AUSTIN.**

No. 1454—5719.

Commission of Appeals of Texas, Section A.

July 22, 1931.

Robert Lee Bobbitt, formerly Atty. Gen., and Rice M. Tilley, formerly Asst. Atty. Gen., for plaintiff in error.

George Mendell, of Austin, for defendant in error.

CRITZ, J.

For convenience, we shall refer to Mrs. McCallum as the state, and to the Associated Credit Men of Austin as the Association.

The Association, a domestic corporation, filed this suit in the district court of Travis county, Tex., against the state to enjoin the state from demanding or attempting to collect from it the annual franchise tax imposed against private domestic corporations by article 7084, R. C. S. of Texas, 1925. The district court awarded the Association the relief sought, and that judgment was affirmed by the Court of Civil Appeals. 26 S.W.(2d) 715. The case is in the Supreme Court on writ of error granted on application of the state.

The Association contended in the two lower courts that it was not due to pay any tax

for two reasons: (a) Because article 7084 does not levy any franchise tax on corporations without capital stock, the Association being admitted to be such a corporation; and (b) because the Association was exempted from the payment of the franchise tax levied by article 7084, by the provisions of article 7094, R. C. S. of Texas, 1925.

The Court of Civil Appeals correctly held that article 7084 levies a franchise tax on corporations without capital stock as well as corporations with capital stock, and we will not further concern ourselves with that question.

The Court of Civil Appeals holds that the Association is exempt from the payment of a franchise tax by virtue of the provisions of article 7094. That article reads as follows: "The franchise tax imposed by this chapter shall not apply to * * * or to corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town. * * *"

The agreed statement of facts shows that the Association is incorporated under subdivision 53 of article 1302, R. C. S. of Texas, 1925.

The Association's charter purposes read as follows: "The purpose for which it is formed is to acquire, preserve, and disseminate valuable business information, and to adopt rules and regulations in connection therewith."

The agreed statement of facts shows the following with reference to the manner in which the Association's business is conducted, its purposes and practices:

"In actual practice this association is maintained primarily for its members, who are retail merchants in the City of Austin, and the members now number about thirty-six. These members pay annual dues of Ten Dollars ($10.00) each, regardless of the volume of business done by the respective members. This money is used in paying for postage stamps, stationery, incidentals, and in writing letters to the members and giving valuable information. The association does not furnish information to anyone but its members, primarily, and this information is only furnished upon request by these members, or upon monthly or semi-monthly meetings that the association has. Part of this money also goes to the paying of national dues, since the association belongs to the national association.

"So often speakers are brought before members at stated meetings, and also to persons who are not members, upon invitation of the members to these outside persons but these outside persons have no right to come to such meetings and are there by virtue of courtesy of the members.

"Mr. Horace Barnhart has been Secretary of this association for approximately two years, and during that time there has only been one outside speaker of prominence to appear before the association.

"This organization is primarily for the benefit of its members to disseminate valuable information; to acquaint them with new business principles, and to suggest advisable policies to adopt, and incidentally or secondarily, the association does render a service to other merchants, and even to persons who are not members.

"The association sends the Secretary each year to conventions, at which time he comes in contact with secretaries of other associations in the United States, and by his discussions and attendance on said conventions educates himself as to the means of acquiring valuable information and the policies that are being profitably used in other localities, and upon his return he imparts this information to the members, with his suggestions and also others. This information, of course, to some extent, is imparted to others not members, and to the community at large in some respects, but no one but the members have the right to this information or the right to demand it, and it is given to non-members sometimes in order to improve the financial condition of the community, and in that way reflects profitably to the members and the public generally.

"The association also publishes, from time to time, in newspapers, display advertising matter, urging the public to buy from home merchants and patronize home concerns; to pay bills promptly; to live within their income and not contract to spend more than they earn, the latter, of course, resulting in the payment of bills promptly to the merchants; to beware of itinerant peddlers who go from house to house selling merchandise, and to avoid schemes and devices that will cause the loss of money through fraudulent schemes and campaigns.

"The members are members because of their personal benefit that they derive therefrom, although, of course, others in a way profit by their investment and their membership."

We think that a careful reading of the above agreed statement will demonstrate that the primary purpose of the Association is for the private benefit of its members and not "for the exclusive purpose of promoting the public interest of any town or city." It follows that the Association is not exempt from the payment of a tax here sought to be enjoined.

The Court of Civil Appeals holds that "If any doubt arises with respect to the imposition of a tax, it must be resolved against the right to make the exaction." We find no fault with this rule, but we have no such case before us.

■ In the case at bar, we have the tax undoubtedly levied against this Association by the terms of article 7084, and the question is whether it is exempted by the provisions of article 7094 from the tax imposed on all corporations by the general provisions of article 7084. The rule is that where a tax is levied by a general law and one claims an exemption therefrom by reason of some exemption statute, he must bring himself clearly within the exemption. In other words, an intention on the part of the Legislature to grant an exemption from the taxing power will never be implied from language that will admit of any other reasonable construction. Such an intention must be expressed in clear and unambiguous terms, or must appear by necessary implication from the language used. Cooley on Taxation, vol. 2, par. 672 and notes; Morris v. Loan Star Chap. No. 6, Royal Arch Masons, 68 Tex. 698, see body of opinion page 702, 5 S. W. 519, 520.

In the instant case, the Association not only fails to show that it is "organized for the exclusive purpose of promoting the public interest of a city," etc., but it absolutely shows to the contrary, in that the agreed statement of facts shows that "The Members are members because of their personal benefit that they derive therefrom," and that "This organization is primarily for the benefit of its members to disseminate valuable information; to acquaint them with new business principles, and to suggest advisable policies to adopt," etc.

A careful reading of the entire statement of facts demonstrates that the primary purposes of the Association, as disclosed by the charter and its mode and manner of operation, are not for the exclusive purpose of promoting the public interest of a city or town, but for the personal benefit of its members. Certainly, the Legislature never intended to exempt such a corporation from the tax imposed by article 7084.

■ The Court of Civil Appeals also holds that the statute, article 7094, should be given the construction that it exempts the Association from the tax because (a) the administrative officer of the state, the secretary of state, charged with the duty of collecting the tax, has so construed the statute for several years, and, (b) because the secretary of state has for several years so construed an opinion of the Attorney General. This holding is error.

The rule that a departmental ruling adhered to through years of administering of a statute will be given weight, only applies to statutes of doubtful construction. Such a rule has no application to a statute, such as this, that is not of doubtful construction or application. Ramsey v. Tod, 95 Tex. 614, see body of opinion page 626, 69 S. W. 133, 136, 93 Am. St. Rep. 875.

■ In regard to the ruling of the Attorney General, it is shown that in 1915 the secretary of state asked the Attorney General for an opinion as to whether a chamber of commerce was exempt under the exemption statute here under consideration. Judge Cureton, then first Assistant Attorney General, later Attorney General, and now Chief Justice of the Supreme Court, rendered the opinion. The syllabus of the opinion, which was not prepared by Judge Cureton, was construed by the secretary of state to hold that all corporations organized under the statute that the instant corporation was organized under were exempt from payment of franchise taxes. However, a reading of the opinion demonstrates that Judge Cureton announced no such rule, and gave no such advice. The opinion pointed out to the then secretary of state the difference between corporations that were exempt from the tax and those not exempt. We quote the following from the opinion, which very clearly defines the class of corporations which are liable to pay the tax and those that are exempt therefrom: "It is clear from a consideration of this definition and others that might be cited, that a board of trade may be organized either as a business institution for the benefit of its members alone, for the purpose of facilitating them in the conduct of their business affairs being in the nature of cotton exchanges, etc., or it may be organized to promote the general commercial and industrial interest of the people of the city."

The incorporation involved in the Cureton opinion was a chamber of commerce, and was held exempt.

Very obviously the corporation here involved is not such a corporation as was involved in the opinion rendered by Judge Cureton above discussed.

The Court of Civil Appeals in its opinion on motion for rehearing calls attention to the fact that the 41st Legislature amended article 7084 after the rendition of its original opinion in the instant case. We attach no significance to this. The legislative action alluded to was in harmony with the holding of the Court of Civil Appeals in its original opinion.

We recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and judgment here rendered for the state.

PER CURIAM.

Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.

CURETON, C. J., not sitting.

GREENWOOD and PIERSON, JJ., concur.