

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~JOHNxBENxSHEPPERDxx~~xxx
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. M. H. Barton
County Attorney
Rusk County
Henderson, Texas

Opinion No. O-7240
Re: Is a county chamber of
commerce exempt from the
payment of franchise tax?

Dear Sir:

You request the opinion of this department upon the question presented in your letter of May 21, from which for the basic facts upon which our opinion is predicated we quote as follows:

"I would appreciate an opinion on the following question.

"A Chamber of Commerce organized for the exclusive benefit of a particular city or town is exempt from Franchise Tax as shown by Article 7094, R.C.S., 1925.

"The Rusk County Chamber of Commerce is organized for the particular benefits of the entire county of Rusk, which is a subdivision of the State of Texas, the same as a city or town is a subdivision of the State of Texas. Will you kindly give me your opinion as to why a county Chamber of Commerce is not exempt, it being a subdivision of the State of Texas the same as a city or town."

We think it must be conceded that if the Rusk County Chamber of Commerce is exempt from the payment of franchise taxes assessed against corporations by virtue of Article 7084, V.R.C.S., it must be by the provisions of Art. 7094, V.R.C.S., which we quote in full as follows:

"The franchise tax imposed by this chapter shall not apply to any insurance company, surety, guaranty or fidelity company,

> or any transportation company, or any sleep-
> ing, palace car and dining car company which
> is now required to pay an annual tax measured
> by their gross receipts, or to corporations
> having no capital stock and organized for the
> exclusive purpose of promoting the public
> interest of any city or town, or to corporations
> organized for the purpose of religious worship,
> or for providing places of burial not for pri-
> vate profit, or corporations organized for the
> purpose of holding agricultural fairs and en-
> couraging agricultural pursuits, or for strictly
> educational purposes, or for purely public chari-
> ty."

By careful reading of Art. 7094, supra, we think it must be further conceded that if it affords an exemption from the payment of franchise taxes as imposed generally by Art. 7084 upon corporations, it must be by virtue of that portion of said article which provides: "Corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town." Does the Rusk County Chamber of Commerce fall within this exemption? We are of the opinion that it does not. We interpret this language to mean that the organization must be for the exclusive purpose of promoting the public interest of a particular city or town, and not one designed, as obviously the Rusk County Chamber of Commerce is, to promote the public interest of the county as a whole. We do not feel justified to accord by construction an intention not clearly expressed by the Legislature or by reasonable implication follows from the language used. To render the exemption expressed in Art. 7094, supra, applicable to the Rusk County Chamber of Commerce, we would have to add "county" after "city or town" in the above quoted portion of the statute. We cannot extend the exemption by adding what the Legislature has omitted.

In the case of McCallum, Secretary of State, v. Associated Retail Credit Men of Austin, 41 S.W.(2d) 45, Judge Critz of the Commission of Appeals said:

> "The rule is that where a tax is levied by a
> general law and one claims an exemption therefrom
> by reason of some exemption statute, he must bring
> himself clearly within the exemption. In other
> words, an intention on the part of the Legislature
> to grant an exemption from the taxing power will
> never be implied from language that will admit of
> any other reasonable construction. Such an in-
> tention must be expressed in clear and unambiguous

terms, or must appear by necessary implication from the language used. Cooley on Taxation, vol. 2, par.672 and notes; Morris v. Lone Star Chap. No. 6, Royal Arch Masons, 68 Tex. 698."

We think that had it been the intention of the Legislature to apply this exemption to counties as well as cities and towns, it would have expressly mentioned "counties", and this it does not do. We believe that it was the intention of the Legislature to apply this exemption to chambers of commerce organized for the exclusive purpose of promoting the public interest of a particular city or town, which would exclude its application to a county, and you are accordingly so advised.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          L. P. Lollar
            Assistant

LPL:AMM:BT

Approved May 31, 1946
Carlos Ashley
First Assistant
Attorney General

Approved Opinion Committee
By BWB, Chairman