

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1969

Honorable Ned Price, Chairman      Opinion No. M- 546
Honorable Durwood Manford, Member
Honorable Charles D. Mathews, Member
State Board of Insurance
1110 San Jacinto
Austin, Texas 78701      Re:   Whether H. B. 203 and H. B.
     378, Acts 61st Leg., R.S.,
     1969 (concerning the pur-
     chase of liability insurance
     by State agencies) impose
     any obligation upon the State
     Board of Insurance other
     than the promulgation of an
Dear Sirs:      insurance form.

In your recent letter you request an answer to the above cap-
tioned question. You point out that Section 1 of H. B. 203 (Acts 61st
Leg., R.S., 1969, ch. 797, p. 2357) codified as Section 1 of Article
6252-19a, Vernon's Civil Statutes, reads, in part, as follows:

". . . All liability insurance so purchased
shall be provided on a policy form or forms ap-
proved by the State Board of Insurance as to form
and by the Attorney General as to liability. "

The same language appears in Section 1 of Article 6674s-1, Vernon's
Civil Statutes, (H. B. 378, Acts 61st Leg., R.S., 1969, ch. 212, p. 617. )

The above quoted provision of the statutes in question is wholly
silent as to any duty of the Board to fix or audit the rates which are
charged for the insurance in question, and deals only with the subject
of the policy form or forms evidencing such insurance coverage. In
your letter you point out that your question arises by reason of the follow-
ing facts: The above quoted provisions are practically the same as those

-2608-

found in Section 1 of Article 6166z10, V.C.S., which authorizes the
Texas Prison Board (now called the Texas Department of Corrections)
to insure its employees against liability arising from the operation of
motor vehicles. That statute, which was enacted in 1933, provides,
in part:

>   ". . . All insurance taken out by the said
> Board for and in behalf of the benefits of the State
> shall be on forms approved by the Insurance Com-
> mission as to form and by the Attorney General as
> to liability. "

You further point out that in the administration of the statute
last mentioned the State Board of Insurance not only approved the lan-
guage  of the contract of insurance through which the Texas Prison
Board obtained coverage under Article 6166z10, but also it undertook
to audit the insurance account for the purpose of determining whether
correct rates and rate modifiers had been applied. This practice has
continued down to the present date. After the Board has ascertained
that the policy contains both the correct form and the correct rates, it
is transmitted to the Attorney General setting forth such facts. You
further point out that the practice of making an audit of the rates under
the 1933 statute has not been burdensome in that it requires only approxi-
mately ten to sixteen man hours per year, but that if it is followed in the
administration of the new statutes above mentioned it would involve ap-
proximately one thousand man hours per year, for which no appropria-
tion has been made by the Legislature.

In our opinion the assumption of the rate-checking function in
the administration of Article 6166z10 would not constitute an adminis-
trative interpretation of the statute which, by reason of legislative
acquiescence thereto, would change the meaning of the statute so as
to include rate-checking as one of the duties of the Board under the
statute. Even if it constituted an interpretation, rather than a mere
practice based upon general administrative authority, it could not af-
fect the meaning of the statute. The statute is not ambiguous and the
administrative practice thereunder is not thus relevant to its con-
struction. The rules of statutory construction, including the doctrine
of legislative acquiescence, would not be applicable. McCallum v.

Associated Retail Credit Men of Austin, 41 S. W. 2d 45 (Tex. Com. App. 1931). See Calvert v. Kadane, 427 S. W. 2d 605 (Tex. Sup. 1968). In enacting the above quoted provisions, the Legislature did not impose upon the Board any duty other than the approval of policy forms.

The Board does have, however, a duty under Articles 1. 04(b) and (c) and 5. 01, Texas Insurance Code, to fix and maintain fair, reasonable, and just insurance premium rates in accordance with its published rules and regulations in this connection. The statutes must be read in pari materia with Articles 6252-19a and 6674s-1. The Commissioner's duty to enforce such regulations may, in the Board's discretion, involve an auditing of the rates as a means of enforcement. The authority to make such an audit is implicit in these statutes when taken together, but the extent of any such audit lies within the sound discretion of the Board, and consonant with the availability of the funds appropriated for such enforcement purposes. We will not attempt to relate here the various circumstances under which a duty could arise to require an audit.

## SUMMARY

Section 1 of Article 6252-19a, V. C. S. (H. B. 203, Acts 61st Leg., R. S., 1969, ch. 797, p. 2357) and Section 1 of Article 6674s-1, V. C. S. (H. B. 378, Acts 61st Leg., R. S., 1969, ch. 212, p. 617) impose no obligation upon the State Board of Insurance other than the approval of policy forms; however, such statutes construed in pari materia with Articles 1. 04 and 5. 01, Texas Insurance Code, require the State Board of Insurance to fix and maintain fair, reasonable, and just insurance premium rates, and the auditing of rates may become a means of enforcement, which matter is left to the sound discretion of the Board and consonant with the availability of funds for such enforcement purposes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ralph R. Rash
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Wardlow Lane
Malcolm Quick
Jack Sparks
Roger Tyler
Terry Goodman

Meade F. Griffin
Staff Legal Assistant

Nola White
First Assistant Attorney General