

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1970

Honorable Michael J. Simmang
County Attorney
Lee County
Giddings, Texas

Dear Mr. Simmang:

Opinion No. M-694

Re: Ad Valorem Tax Exemption
Status of Lee Memorial
Hospital of Giddings,
Texas

You have requested an opinion on the tax exemption status of Lee Memorial Hospital located in Giddings, Lee County, Texas.

Your opinion request reads, in part, as follows:

"Lee Memorial Hospital was first chartered as a non-profit corporation on April 10, 1947. The original article stated that the hospital was founded for the purpose of providing a suitable place in the immediate locality where members and families of members of the corporation may obtain medical, dental, health, surgical, nursing, hospitalization and related services and benefits. The articles further stated that there would be no capital stock and no dividends and any profit would be used to further the charitable purposes for which the corporation was created. The by-laws provided that members of the corporation would be those who paid a membership fee of $100.00 and would be chosen from people residing in the territory serviced by the corporation.

"The charter was amended on January 7, 1957, to show that the services of the hospital would be extended to all residents of the community regardless of whether or not they were members in the corporation.

-3346-

"On August 1, 1969, the Articles were again amended to show the duration of the corporation to be perpetual and changing the registered name of the corporation and adopting the Texas Non-Profit Corporation Act. . . . Again, on June 22, 1970, the Articles were amended to show that upon dissolution of the corporation any remaining assets would be distributed to a strictly charitable organization. The by-laws were also amended to that effect.

"The ownership of the hospital is currently vested in the members of the community who have taken out membership and the Board of Directors is elected from this membership. No physician is a member of the Board of Directors, nor does any physician derive any benefits from the hospital other than being able to place his patients in the hospital."

Article III of Lee Memorial Hospital's Articles of Incorporation provides:

"This corporation does not contemplate pecuniary gain or profit to the members thereof and is organized as a charitable corporation under the Provisions of Article 1302, sub-paragraph 2A, Revised Civil Statutes of Texas, for the purpose of owning and operating a non-profit cooperative hospital, and for the purpose of providing a suitable place in the immediate locality where members and families of members of this Corporation and other residents of the community may obtain medical, dental, health, surgical, nursing, hospitalization, and related services and benefits."

By supplemental letter, you also advised us:

"1.  There are no restrictions on admission of patients and patients are admitted

regardless of their ability to pay.
If a person comes to the hospital
completely unable to pay, they are
admitted as a charity case.

"2. No salaries are paid by the hospital
to any doctors practicing in the
hospital.

"3. No hospital space is rented or leased
to any doctors or to any other in-
dividuals or corporations.

"4. The hospital does not operate a phar-
macy but does operate a cafeteria
which is open only to the patients
and to the employees. The public does
not have access to the cafeteria."

Article VIII, Section 2 of the Texas Constitution gave
the Legislature the following authority:

"All occupation taxes shall be equal
and uniform upon the same class of subjects
within the limits of the authority levying
the tax; but the legislature may, by general
laws, exempt from taxation . . . Institu-
tions of purely public charity; and all
laws exempting property from taxation other
than the property above mentioned shall be
null and void." (Emphasis Added)

Pursuant to this authority, the Legislature enacted
Article 7150 (7) Vernon's Civil Statutes, which as last
amended in 1969, exempts the following property:

"7. Public Charities. All buildings
and personal property belonging to institu-
tions of purely public charity, together
with the lands belonging to and occupied
by such institutions, including hospital
parking facilities, not leased or otherwise
used with a view to profit, unless such

> rents and profits and all moneys and
> credits are appropriated by such institu-
> tions solely to sustain such institutions
> and for the benefit of the sick and dis-
> abled members and their families and the
> burial of the same, or for the maintenance
> of persons when unable to provide for them-
> selves, whether such persons are members
> of such institutions or not.  An institu-
> tion of purely public charity under this
> article is one which dispenses its aid to
> its members and others in sickness or
> distress, or at death, without regard to
> poverty or riches of the recipient, also
> when funds, property and assets of such in-
> stitutions are placed and bound by its law
> to relieve, aid and administer in any way
> to the relief of its members when in want,
> sickness and distress, . . ."

Section 7 was found to apply to a hospital situation in the case of Santa Rosa Infirmary v. City of San Antonio, 259 SW 926 (Tex. Comm. App., 1924)

In the case of San Antonio Conservation Society, Inc. v. City of San Antonio, 455 SW 2d 743, (Tex. Sup., 1970), the Texas Supreme Court ruled on the exemption status of a corporation chartered for the purpose of preserving his- torical buildings and sites.  In determining whether this Section 7 of Article 7150 provides the exclusive definition and meaning of the term "institution of purely public charity," the Court held,

> "Section 7 concerns and defines charity
> in the sense of almsgiving and the three
> cases cited above (i.e. City of Houston v.
> Scottish Rite Benev. Ass'n., 111 Tex. 191,
> 230 SW 978 (1921), Santa Rosa Infirmary v.
> City of San Antonio, supra, and Hilltop
> Village, Inc. v. Kerrville Ind. School Dis-
> trict, 426 SW 2d 943 (Tex. Sup. 1968)) state
> rules which an institution must meet to
> qualify for that kind of charity.  Those

cases arose by reason of claims that the
institutions in question provided relief
to the needy, the sick, and the distressed;
and in doing so relieved the government
of burdens it would otherwise be charged
with solving." (at p. 745)

Thus, inasmuch as Lee Memorial Hospital is an institu-
tion dispensing aid to persons in sickness or distress, its
exemption status should be governed by the line of cases
above cited and Article 7150 (7).

To qualify as an almsgiving charity, the institution
must meet the tests set forth in City of Houston v. Scottish
Rite Benev. Ass'n., supra, to wit:

"In our opinion, the Legislature might
reasonably conclude that an institution was
one of 'purely public charity' where: First,
it made no gain or profit; second, it ac-
complished ends wholly benevolent; and,
third, it benefited persons, indefinite in
numbers and in personalties, by preventing
them, through absolute gratuity, from be-
coming burdens to society and to the state.

"   .   .   .

"   .   .   . Charity need not be universal
to be public.   It is public when it affects
all the people of a community or state,
by assuming, to a meterial extent, that
which otherwise might become the obligation
or duty of the community or the state.
The care of those unable to provide for
themselves certainly may devolve on those
of the same community or state.   .   .   ." (Em-
phasis Added). (at p. 981).

The rule with regard to tax exemption is well stated in
McCallum v. Associated Retail Credit Men of Austin, 41 SW 2d
45 (Tex. Comm. App., 1931) ". . . where a tax is levied by a
general law and one claims an exemption therefrom by reason
of some exemption statute, he must bring himself clearly

within the exemption. . . ." See also, B. & P.O.E. v. City of Houston, 44 SW 2d 488 (Tex. Civ. App., 1931, error ref.) Therefore we must determine from the material submitted whether Lee Memorial Hospital meets the statutory and case law requirements heretofore enumerated.

From your information, Lee Memorial Hospital devotes any gain or profit made by it for the sole purpose of sustaining its operation, admits any person requesting admission to it without regard to their ability to pay and allows none of its property to be used for the purpose of benefiting any private individual.

The case of Santa Rosa Infirmary v. City of San Antonio, supra, dealt with the right of the Santa Rosa Hospital to be exempt from the ad valorem tax as a "purely public charity" within Subdivision 6, Article 7507, Vernon's Civil Statutes, which is now Article 7150 (7). The Court therein defined what is meant by gain or profit, as these words appear in test number one, by stating,

> ". . . nothing more was intended than that no private individual should reap a profit, or where a corporation was the owner that no distributable earnings in the shape of dividends must accrue." (at p. 935)

Since Lee Memorial Hospital is using its profits, if any, to perpetuate its operation, and allows no person to benefit from the use of its property, it would qualify under the first test.

The Santa Rosa Case further held that the fact that pay patients predominate over charity patients does not disqualify an institution from being a "purely public charity." (See pp. 934 and 935). The Court concluded by stating,

> "The theory upon which institutions of this character are exempted from taxation is that they serve the government by relieving it to some extent of what would otherwise be a public duty or governmental function to care for the indigent sick and

> afflicted, and it is the assumption by such
> institutions of this burden which compensates
> the government for the exemption granted
> them from the general obligation resting upon
> all citizens to pay taxes. . . ."

Since the operation of Lee Memorial Hospital is similar to the conduct of the Santa Rosa Infirmary, Lee Memorial's operations should likewise be considered benevolent in nature.

If such an institution restricts admission to its facilities, there is no assurance that society is or will be relieved of a burden it owes to its populace and, thus, the institution would not meet the third test to qualify it as a "purely public charity" (See Hilltop Village, Inc. v. Kerrville Ind. School District, supra). However, Lee Memorial Hospital has placed no restriction on its admission requirements and accepts applicants without regard to their financial circumstances, thereby meeting the third requirement to be a "purely public charity."

The remaining problem is whether the incidental use of the hospital properties for the operation of a cafeteria defeats the exemption to which Lee Memorial Hospital is otherwise entitled.  This precise question was answered in Hilltop Village, Inc. v. Kerrville Ind. School District, supra, when the Court held,

> ". . . Nor will the incidental uses
> of the properties for the operation of
> guest facilities, a canteen, a beauty shop
> and vending machines defeat the exemption
> . . ."

Thus, this incidental use of its properties by Lee Memorial would not defeat its exemption.

Under the well established rules enumerated by case law, it is our opinion that Lee Memorial Hospital makes no gain or profit, accomplishes ends wholly benevolent, and benefits persons, indefinite in number and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state, and is thus entitled to exemption

under Article VIII, Section 2, Texas Constitution and Article 7150 (7), Vernon's Civil Statutes, as a "purely public charity."

SUMMARY

Under the facts submitted and law cited, Lee Memorial Hospital is a "purely public charity" and is exempt from the ad valorem tax.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harriet D. Burke
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Arthur Sandlin
William J. Craig
John B. Reese

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant