**AMERICAN BIOMEDICAL CORPORATION,**
Appellant,

v.

**Bob BULLOCK, Comptroller of Public Accounts, Appellee.**

**No. 12571.**

Court of Civil Appeals of Texas, Austin.

May 11, 1977.

Rehearing Denied June 1, 1977.

**178**

Michael L. Cook, Monty G. Humble, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant brought this suit in the court below to recover sales taxes[1] paid under protest. Trial to the court resulted in a take nothing judgment from which appeal has been perfected to this Court.

We affirm.

Appellant, a corporation, is engaged in the business of operating medical laboratories designed to test certain products as well as to test and analyze human body fluids and tissues. The tests performed on human body fluids and tissues are performed only at the request of medical doctors.

The Comptroller audited appellant's records under the provisions of Article 20.02, Title 122A, Taxation-General V.A.C.S. The audit covered the time prior to July 3, 1973, and made a deficiency determination which disclosed that additional state and local sales taxes were due. Appellant paid $25,-969.08, under written protest, which included state and local sales taxes plus penalties. After appellant's administrative remedies were exhausted with respect to the Comptroller's office, it brought this suit.

Appellant maintains that it is entitled to an exemption from the tax by virtue of Article 20.04(M), Title 122A, Taxation-General, V.A.C.S., the pertinent part being:

"(M) Drugs, Medicines, Prosthetic Devices. There are exempted from the taxes imposed by this Chapter the receipts from sales of, and the storage, use or other consumption of insulin and of drugs and medicines when prescribed or dispensed for humans or animals by a licensed practitioner of the healing arts."

Appellant contends that the chemicals, dyes and reagents in question are exempted from taxes under Article 20.04(M), as they are drugs and medicine prescribed or dispensed for humans by a licensed practitioner of the healing arts. Under our disposition of the case we need not pass on the question of whether the reagents or chemicals used by appellant are in fact drugs under the statute. Appellant then points to testimony in the record by doctors that there is no difference between the doctor's request which invokes appellant's use of its chemicals, dyes and reagents and the prescription which invokes the pharmacist's sale of drugs. The sale of drugs prescribed by a doctor are exempt under the Act. Appellant then reiterates that it does not perform tests except on orders from physicians.

The tax sought by the State is the tax paid by appellant on certain chemicals necessary to perform the tests ordered by the doctors. This is not a tax on sales to physicians or their patients. Since there is no evidence to the contrary, we must assume that appellant ordered its supplies to meet its inventory demands and under the facts of the case and under the clear wording of the statute, we are unable to find that the drugs or reagents used in the tests, were "prescribed or dispensed for humans or animals by a licensed practitioner of the healing arts . . ."; that is, by the doctors who ordered the appellant laboratory to make the tests.

Appellee taxed only appellant's purchase of supplies; supplies to be used only by

1. Article 20.02, Title 122A, Taxation-General, V.A.C.S., as amended.

appellant and not by direction of a licensed practitioner of the healing arts. On completing the tests, appellant's bill would be paid either by the doctor ordering the tests, the usual method of payment, or by the doctor's patient.

Thus, in our opinion, we are not faced with a situation where the statute exempts drugs prescribed by a licensed practitioner of the healing arts, when prescribed or dispensed for humans or animals, but a situation where the laboratory performed tests at the behest of the licensed practitioner, which tests include the use of drugs or chemicals purchased by the laboratory for use in the tests themselves, the results of which were then sold to the doctor and the patient.

In arriving at this conclusion, we are ever mindful of the acute scrutiny that the law requires for any exemption from taxation and, further, the rule requiring any taxpayer claiming an exemption, to bring himself clearly within the express terms of an exemption statute. *McCallum v. Associated Retail Credit Men of Austin*, 41 S.W.2d 45 (Tex.Com.App.1931, jdgmt. adopted).

The judgment of the trial court is in all things affirmed.

Affirmed.