

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 29, 1988

Honorable W. S. McBeath
Administrator
Texas Alcoholic Beverage Commission
P. O. Box 13127, Capitol Station
Austin, Texas 78711

Opinion No. JM-948

Re: Authority of the Alcoholic Beverage Commission to prorate club membership for purposes of determining permit fees for a private club registration permit (RQ-1432)

Dear Mr. McBeath:

Your request letter describes the long-standing practice of the Alcoholic Beverage Commission of "prorat[ing] each member's membership for that portion of the year during which he or she was a member" for purposes of calculating the permit fee due from private clubs issued permits under chapter 32 of the Alcoholic Beverage Code. You ask whether the Commission is "presently authorized or required to continue" this practice.

Section 32.02 of the Alcoholic Beverage Code provides in part:

> (b) The permit fee shall be based on the <u>highest number of members</u> in good standing during the year for which permit fee is to be paid according to the following rates:
>
> | | |
> |---|---|
> | 0 to 250--$ 750 | 651 to 750--$2,250 |
> | 251 to 350--$1,050 | 751 to 850--$2,550 |
> | 351 to 450--$1,350 | 851 to 950--$2,850 |
> | 451 to 550--$1,650 | 951 to 1,000--$3,000 |
> | 551 to 650--$1,950 | Over 1,000--$3 per member. |
>
> (c) All fees collected pursuant to this section shall be deposited in the general revenue fund.

> (d) No later than 90 days before the
> expiration of the year for which the permit
> fee is paid, the permit holder may submit an
> amended application with as much additional
> fee as is required under the amended return.
> (Emphasis added.)

The commission's request as to the propriety of continuing its practice of prorating membership for determining permit fees was apparently prompted by arguments of persons in the State Auditor's office that permit fees should be based on the highest number of members during the year pursuant to subsection (b) of section 32.02, and not on a prorated membership figure, the latter method possibly resulting in a loss of revenue legally due to the state from the permitting process.

The commission in its request letter has advanced arguments in support of its continuing the proration of membership method of fee calculation, which arguments we summarize as follows:

Prior to 1971, and prior to the codification in 1977 of the Alcoholic Beverage Code, the Texas Liquor Control Act provided that permits of the sort issued to private clubs expired on the next August 31 following the dates of issuance. Penal Code art. 666-13(a), (repealed); art. 666-15e(6), (repealed). At that time, article 666-15(b) provided that if a fee was "collected for a portion of the year" . . . "only the proportionate part of the fee levied for such permit shall be collected." Also, article 666-15e, applying specifically to private club permits, required proration of private club permit fees pursuant to article 666-15(b).

In 1971, article 666-13(a) was amended to provide that all permits expired one year from the date of issuance. Acts 1971, 62d Leg., ch. 65, § 7, at 686. But the proration provisions of articles 666-15(b) and 666-15e, cited above, were not amended or repealed at that time.

In 1977, the provisions of the Texas Liquor Control Act were repealed and many of its provisions codified as the Alcoholic Beverage Code. Acts 1977, 65th Leg., ch. 194. The provision that all permits expire one year from the date of issuance became, at that time, section 11.09 of the Alcoholic Beverage Code. The proration provisions of former articles 666-15(b) and 666-15e were, however, omitted from the new code. The revisor's note, appearing after section 11.71 of the Alcoholic Beverage Code, states that the

proration provisions were omitted in the code because the 1971 amendment providing that permits expire one year from the date of issuance made the proration provisions obsolete.

The commission argues that "since 1962, some nine years prior to the 1971 amendments and fifteen years before the codification of the Texas Alcoholic Beverage Code," it has followed the practice of prorating memberships for fee determination purposes. It argues, in effect, that the proration provisions, which were not repealed until 1977 with the adoption of the Alcoholic Beverage Code, have authorized its practice of prorating membership and that since those provisions were "substantive," their omission from the Alcoholic Beverage Code was due to an error of the revisors. In light of provisions in the code, in the act adopting it, and in the Government Code, to the effect that the Alcoholic Beverage Code was only non-substantive revision of prior law, the commission argues, in effect, that the proration provisions, being substantive, constitute still subsisting law authorizing the commission's membership proration practice. See, Alco. Bev. Code § 1.01(a); Acts 1977, 65th Leg., ch. 194, § 7, at 558; Gov't Code § 323.007(b). The commission also argues that the long-standing practice of the commission, based on its construction of the provisions discussed above, supports such construction, particularly in view of the non-intervention of the legislature over that time, citing, inter alia, Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804 (Tex. Comm'n App. 1929, opinion adopted).[1]

We disagree with the commission's position. "The rule that a departmental ruling adhered to through years of administering a statute will be given weight, only applies to statutes of doubtful construction." McAllum v. Associated Retail Credit Men of Austin, 41 S.W.2d 45 (Tex. Comm'n App. 1931). We do not find that the provisions governing calculation of club membership for purposes of assessing a permit fee have ever supported the construction placed on them by the commission in adopting its proration method of calculating the number of members, and thus, the amount due for the permit fee.

---

1. The commission notes that separate substantive amendments to the Liquor Control Act in 1977 left the proration provisions unchanged. Acts 1977, 65th Leg., ch. 453.

The provisions for issuance of private club permits were first adopted in 1961, and that legislation made the substantially identical provision, that calculation of the fee is based on "the highest number of members in good standing during the year," as is currently made in section 32.02 of the Alcoholic Beverage Code. Acts 1961, 57th Leg., ch. 262, § 1, at 560. We believe that even in 1961, when the proration provision of repealed article 666-15(b) was in effect, the proration provision had no applicability to the calculation of a club's membership. Article 666-15(b) on its face provided only for proration of the fee where a fee was collected for a portion of a year. We believe the commission's adoption of a practice in 1962 of prorating the membership was unwarranted by any logical reading of the controlling provisions, particularly since the provision which is now section 32.02 of the code has provided since its inception in 1961 that the fee "shall be based on the highest number of members."

We do concede that not all of the provisions of the Alcoholic Beverage Code are models of clarity. Section 32.16 provides, for example:

> No private club registration permittee may allow its average membership to exceed that authorized by its permit. (Emphasis added.)

It would appear somewhat anomalous to have provided in section 32.02 that the permit fee is based on the highest number of members, but in section 32.16 that a permittee may not allow its average membership to exceed that authorized by the permit. However, section 32.16 is not applicable to the fee calculation under section 32.02. It appears, rather, to operate in conjunction with section 32.17, subsection (a)(8), which provides that a permit may be cancelled or suspended on a finding that the permittee club has violated any provision of the code. (See also section 1.05 of the code providing criminal penalties for a violation of a provision of the code.)

We also concede that the fee assessment provisions themselves present certain administrative difficulties for the commission. Subsection (b) of section 32.02 indicates on its face that "[t]he permit fee shall be based on the highest number of members in good standing during the year for which the permit fee is to be paid." A permit expires one year after the date it issued. Alco. Bev. Code § 11.09. However, since the fee is payable in advance at the time of the application for a permit or renewal permit (section 11.35), the calculation of the fee "based on the highest

number of members . . . during the year for which the permit fee is to be paid" is necessarily only an estimate. Subsection (d) of section 32.02, providing for "amended applications" no later than ninety days before a permit's expiration, somewhat but not entirely mitigates the problem of assessing a fee based on the highest number of members during the year since the membership cannot be ascertained with certainty until the end of the year in question. The commission has informed us that it has found the subsection (d) amendment procedure insufficient for determining actual amounts due on permit fees under subsection (a), because the membership might change after submission of the amended application, and because the procedure led to frequent overpayment of fees. Amounts overpaid, once deposited in the general revenue fund, could not be reimbursed without legislative action. Tex. Const. art. VIII, § 6. Similar administrative problems exist under the present procedure.

The commission informs us that, instead of following the subsection (d) amendment procedure, it has relied on routine audits of licensees once accurate membership figures are available at the end of the permit year. However, the method of calculation used, even in such audits, for determining club membership for purposes of fee assessment has apparently been the membership proration method referred to above rather than one determining the highest number of members during the year pursuant to the language in subsection (b).[2]

But again, even granting that the fee assessment provisions present administrative difficulties, we do not believe that those provisions are or have been ambiguous such that the board was warranted in construing the requirement of section 32.02(b), that the fee "shall be based on the highest number of members," as authority to base the fee determination on a prorated membership figure.

---

2. Please note that we do not address, because you do not raise, any issues with respect to the operation of the amendment procedure provided for in subsection (d) of section 32.02 or with respect to the commission's practice of determining additional fees due by use of a routine audit rather than the amendment procedure.

## S U M M A R Y

The Alcoholic Beverage Commission is not authorized to prorate private club membership for purposes of determining the permit fee under Alcoholic Beverage Code section 32.02. Under section 32.02, the permit fee is based on the **highest** number of members in good standing during the year for which the permit fee is to be paid, rather than on a prorated membership figure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General